# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:20-CR-00047-RP** |
| | § | |
| | § | |
| **(15) BRANDON GRIGSBY,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE ROBERT PITMAN
     UNITED STATES DISTRICT JUDGE

Before the Court is the United States Probation Office's Petition for Warrant or Summons for Offender Under Supervision, which asks the Court to revoke Defendant Brandon Grigsby's term of supervised release. Dkt. 749. The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. For the reasons stated below, the undersigned recommends that the District Judge revoke Grigsby's current term of supervised release and impose a sentence of 5 months' imprisonment, to be followed by 30 months of supervised release (including a modification of the present terms to require successful completion of inpatient drug treatment).

1

## I.    BACKGROUND

Defendant Grigsby is presently serving a 3-year term of supervised release on a conviction out of this District. Dkt. 685. Grigsby began serving his term of supervised release in May 2025. Dkt. 749. Within a few months, he started missing random drug tests, then, in October 2025, Grigsby was arrested in Williamson County on a DWI charge. *Id.* Following that arrest, the U.S. Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision seeking to revoke Grigsby's supervised release. *Id.* The summary of violation allegations below come from that document:

> **Violation of Mandatory Condition No. 1:** "The defendant shall not commit another federal, state, or local crime during the term of supervision."
>
> **Violation of Standard Condition No. 9:** "If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours."
>
> **Nature of Non-Compliance:** According to available information provided by the Round Rock Police Department, on October 15, 2025, at approximately 11:05 pm, an officer observed a driver of a Jeep on Interstate 35 failing to maintain a single lane. The driver was observed driving erratically and the officer initiated a traffic stop. The officer approached the vehicle on the passenger side for officer safety and made contact with the driver, later identified as Brandon Grigsby. Grigsby was questioned if he had consumed any alcoholic beverages or used any controlled substances. The defendant stated that he had not consumed any alcoholic beverages, but had taken Zoloft, that is prescribed to him. The defendant further advised that he had been in the hospital the previous day due to feeling light-headed. He denied the use of any illegal drugs. Based on the totality of the observations and the defendant's driving behavior, the officer requested the defendant exit the vehicle to perform standardized field sobriety tests.
>
> The defendant was administered the tests and exhibited clues of intoxication. During the Walk-and-Turn test, the defendant lost balance during the instructional phase, stepped off the line several times, failed

to touch heel-to-toe, and made an improper turn. During the One-Leg Stand test, the defendant swayed noticeably and used his arms for balance, based on the defendant's poor performance on all three tests, along with his erratic driving behavior, it was confirmed that he was not capable of safely operating a motor vehicle.

The defendant was placed under arrest for Driving While Intoxicated, Class B Misdemeanor and transported to the Williamson County Jail for processing. Upon arrival at the Williamson County Jail, the defendant was observed attempting to conceal and then spit out a small plastic bag from his mouth. The bag contained a small amount of marijuana, the defendant admitted that he placed the marijuana in his mouth while he was being detained in the police vehicle.

On October 16, 2025, the defendant was released from custody on bond. The case remains pending in Williamson County, Texas, in the County Court at Law No. 3.

As of this writing, the defendant has failed to notify his probation officer of the arrest. Additionally, this writer contacted the bail bond company who bonded out the defendant after being arrested and was informed that the defendant had also failed to report to them as required. The bail bond company provided some phone numbers which this writer called, however there was no response.

**Violation of Special Condition:**   "The defendant shall participate in substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after the program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.) During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the costs of such treatment if financially able"

**Nature of Non-Compliance**: As a requirement of his treatment condition, the defendant is to submit to random drug testing and attend counseling as directed. The defendant has failed to submit to random drug testing on the following dates: September 24, 2025, October 16, 2025, and October 20, 2025.

Additionally, the defendant failed to attend his scheduled counseling session on September 22, 2025, and failed to schedule any counseling sessions for the month of October 2025.

**Violation of Standard Condition No. 5:** "The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify probation officer within 72 hours of becoming aware of a change or expected change.

**Nature of Noncompliance**: This writer contacted the defendant's mother to ascertain the defendant's current whereabouts. She advised that she last contacted her son on October 16, 2025, after his arrest. She also disclosed on October 15, 2025, the defendant was hospitalized for an overdose. Since then, she has had no contact with her son. The defendant's current whereabouts are unknown.

*Id.*

The undersigned set the petition for hearing, at which Defendant attended, along with his counsel, Assistant Federal Public Defender Charlotte Herring, Assistant U.S. Attorney Grant Sparks, and USPO Lauro Garza. Defendant pleaded true to the facts supporting the alleged violations of Standard Conditions 5 and 9 and Special Condition (but not to the facts surrounding his DWI arrest, which are still pending criminal proceedings in Williamson County). The Government and Defendant urged the undersigned to recommend their agreed disposition of the petition, which was to revoke Grigsby's supervised release, impose a sentence of 5 months' imprisonment followed by 30 months of supervised release, and modify the terms of his release to require successful completion of an inpatient drug-treatment program. The Probation Office concurred in that recommendation.

## II.    FINDINGS OF THE COURT

1.    Probable cause exists for the alleged violation of Standard Conditions 5 and 9, and Special Condition.

2.    The most serious violation is a Grade C, and Defendant's criminal history category is V.

3.    Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

4.    Defendant freely, intelligently, and voluntarily pleaded true to the charge, or charges, in the petition.

5.    Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of the his plea.

6.    Defendant was sane and mentally competent at the time of these proceedings.

7.    Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.    Defendant waived his right to a preliminary hearing.

9.    Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

10.    Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11.    Defendant violated Standard Conditions 5 and 9, and Special Condition of his term of supervised release, and there is a factual basis in support of that finding.

### III.    FACTORS CONSIDERED

The Court has considered the factors set out in Title 18, United States Code § 3583(e) which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:

1.    The nature and circumstances of the offense, § 3553 (a)(1);

2.    The history and characteristics of the defendant, (a)(1);

3.    To afford adequate deterrence to criminal conduct, (a)(2)(B);

4.    To protect the public, (a)(2)(C);

5.    To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);

6.    The kinds of sentence and the sentencing range recommended by the U.S. Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);

7.    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6);

8.    The need to provide restitution to any victims of the offense, (a)(7).

Note: the factors in § 3553(a)(2)(A), namely the seriousness of offense, respect for the law and just punishment, were not considered by the Court.

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that Grigsby's term of supervised release be **REVOKED** and the USPO's petition to revoke, Dkt. 749, be **GRANTED**. The undersigned **FURTHER RECOMMENDS** that the District Judge impose a sentence of 5 months' imprisonment, to be followed by 30 months of supervised release.

The undersigned **FURTHER RECOMMENDS** that Grigsby's current conditions of release be **MODIFIED** to impose, in addition to his current conditions, the following:

 Defendant shall participate in, and successfully complete, an inpatient substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs.

6

The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. Defendant shall pay the costs of such treatment if financially able.

## V.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## VI.    ORDER REGARDING DEFENDANT'S CUSTODY

The Court **ORDERS** that, upon Defendant's completion of his term of imprisonment, the United States Marshals Service transport Defendant to the United States Courthouse for release and that he then be transported by the U.S.

Probation Office, or by an individual approved by USPO, to the inpatient-treatment program, as directed.

SIGNED February 4, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE